STATE OF MISSISSIPPI *v.* CALISTA STUART.

[40 South. Rep., 1010.]

CRIMINAL LAW.  *Poisoning.   Code* 1892, § 1254.  *Administering poison by enema.*

Under Code 1892, § 1254, providing that every person who shall administer poison to another. with intent to kill him, "which shall have been actually taken by that other, whereof death shall not ensue," shall upon conviction be. imprisoned in the penitentiary, the word "taken" embraces any method of administration by which the system is made to absorb the poison, including an administration by the mouth, by an enema, and by means of massage.

FROM the circuit court of Wilkinson county.

HON. THEODORE McKNIGHT, Special Judge.

Mrs. Stuart, the appellee, was indicted for administering poison to her husband, with intent to kill and murder him. Upon the trial the state offered to introduce evidence showing that she had administered the poison by means of an enema. Objection was made by the defendant to the evidence because the indictment was predicated of Code 1892, § 1254, and it was contended that under the statute proof was confined to poisons "taken" by the injured party, and this, it was urged, excluded the enema mode of administration.   The trial court sustained the objection, and, of course, Mrs. Stuart was acquitted.   The state appealed to the supreme court.

*R. V. Fletcher,* assistant attorney-general, for appellant.

It is an elementary rule in the construction of a statute that the intention of the legislature and the object aimed at is the fundamental inquiry in judicial construction.   28 Am. & Eng. Ency. Law (2d ed.), 602.

Even in the construction of statutes the most highly penal, the object of the construction is to ascertain the true legislative intent, and while the courts will not apply such statutes to cases which are not within the obvious meaning of the language employed by the legislature, they will not apply the rule of strict construction with such technicality as to defeat the purpose of ascertaining the true meaning and intent of the statute. 28 Am. & Eng. Ency. Law (2d ed.), 659.

The argument to uphold the ruling of the trial court seems to be that the word "administer" and the word "taken" have a distinct and separate significance, that the injection of the poison into the system by means of the enema would be to administer the poison within the meaning of the law, but that the word "taken" limits the mode of receiving the deleterious substance to the act of swallowing. In other words, that it may be admitted that appellee administered the poison but that the witness, Stuart, did not take it. Since, clearly, the criminal act would not be complete unless the intended victim takes the poison, there was no crime in the instant case, or, at least, no crime under the statute.

But all the parts of a statute must be considered together, so that effect shall be given, if possible, to every word and part thereof. *Koch* v. *Bridges,* 45 Miss., 247.

And the words employed must be construed in their relations to other words, and such meaning and significance attached to each as was obviously intended by the law makers. *Fitzgerald* v. *Rees,* 67 Miss., 473 (s.c., 7 South. Rep., 341).

And our court has said that if any particular clause or expression be not so large and extended in its import as those used in other parts of the act; and if upon a view of the whole act, the real intention of the legislature can be collected from the more large and general expressions used in the act, effect must be given to the larger and more extended expressions. *Grand Gulf Bank* v. *Archer,* 8 Smed. & M., 151; *Green* v. *Weller,* 32 Miss., 650.

It is the contention of the state in this case that the word "taken" employed in the statute under review has a direct and pointed reference to the word "administered," and that as here employed it but describes the completion and consummation of the act of administering.    That if "administering poison" is to be construed as including any means used to bring poison in contact with the tissues of the human body in such a way as to endanger life, then the taking of the poison by the victim must include any means or mode of receiving that poison into the body which will tend to accomplish the murderous design of the poisoner.

*Counsel did not appear for the appellee.*

MAYES, J., delivered the opinion of the court.

Mrs. Calista Stuart was indicted in the circuit court of Wilkinson county under Code 1892, § 1254; the charge being that "she did, on the 5th day of February, 1906, administer to one W. C. Stuart, a human being, a certain poison, to wit, morphine, which poison and morphine, as administered, was actually taken by said W. C. Stuart, whereof the said W. C. Stuart did not die, and that the poison was administered by Mrs. Calista Stuart to W. C. Stuart with the felonious intent then and therewith, and by means of the poison and morphine aforesaid, administered as aforesaid, unlawfully, willfully, feloniously, and of the malice aforethought to kill and murder the said W. C. Stuart."    The record shows that the state offered to prove that defendant prepared an enema and administered same to her husband, W. C. Stuart, who placed the tube of the syringe himself, by way of assisting her, and that Mr. Stuart did not suspect that there was any poison in the enema.    Afterwards physicians were called and found Stuart in the state of coma, a dangerous condition, which required great exertion to restore him.  They offered to show by these physicians that Stuart was suffering from opium or morphine poisoning at the time.    The court refused to

allow the district attorney to prove this, and held that the administration of poison in this manner was not an actual taking by the party, as contemplated by Code 1892, § 1254. The district attorney offered, further, to prove that the enema was administered by means of a·rubber syringe, and states that he cannot prove a case of poisoning under the indictment unless he is permitted to do so by showing that the poisoning was by means of an enema, and was not taken by the mouth. The court declined to let any of this proof go to the jury, and gave a peremptory instruction that the jury should acquit the defendant.

Section 1254 of the statutes provides that "every person who shall be convicted of having administered, or of having caused or procured to be administered, any poison to any human being with intent to kill such human being, and which shall have been actually taken by such human being, whereof death shall not ensue, shall be punished by imprisonment in the penitentiary for a term not less than ten years." The peremptory instruction should not have been given by the circuit judge in this case, and his interpretation of the word "taken" is contrary to the sense of the word as used in the statute. The word "taken," as used here, means any method by which the system is made to absorb the poison administered or procured to be administered by another person, and includes every possible way that poison can be administered. It may be by injection, taken by the mouth, or by rubbing it into the skin by means of a massage; but the offense is committed within the plain meaning of this statute whenever any person designedly causes poison to come in contact with, and be absorbed by, the system, and it matters not what method may be used for this purpose, if it is done with the intent to kill such human being. Any other construction of this statute seems to us impossible.

*Reversed.*